


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEVANTAE MCKENNEY and DEXTER PICKETT, | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: |
| | ) Removal of Civil Action No.: |
| CITY OF MARGARET, ALABAMA; CHRISTOBAL SANCHEZ, individually and as a City of Margaret police officer; JAMES THOMPSON, individually and as a City of Margaret Chief of Police; ALFA INSURANCE COMPANY, INC.; and PROGRESSIVE CASUALTY INSURANCE COMPANY, INC.; | ) CV-2023-903461 from the Circuit Court ) of Jefferson County, Alabama, ) Birmingham Division |
| Defendants. | ) |

**NOTICE OF REMOVAL**

Pursuant to the provisions of 28 U.S.C. §§ 1331, 1441(a) and 1446, Defendant City of Margaret, Alabama, a municipality, hereby removes this action from the Circuit Court of Jefferson County, Alabama, where it is pending under case number CV-2023-903461, to the United States District Court for the Northern District of Alabama, Southern Division. In support of this Notice of Removal, the City of Margaret respectfully shows unto this Honorable Court as follows:

## I. Grounds for Removal

1. Removal is proper under 28 U.S.C. §§ 1331 and 1441(a) because the plaintiffs' claims arise under the laws of the United States of America, specifically the Fourth Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983. A true and correct copy of the plaintiffs' complaint is attached hereto as Exhibit A. *See* Ex. A: Pls. Compl. at Counts IV, V, VI, and VII.

2. The various allegations of the plaintiffs' complaint are incorporated herein by reference as if set out here in full. Plaintiffs' complaint specifically alleges violation of civil rights, unreasonable seizure, excessive force, substantive due process violation, denial of equal protection, and supervisor liability under 42 U.S.C. § 1983.

3. The United States District Court has original jurisdiction of these federal questions pursuant to 28 U.S.C. § 1331. The United States District Court has supplemental jurisdiction over the additional claims made by the plaintiffs pursuant to Alabama law under the provisions of 28 U.S.C. § 1367 respecting supplemental jurisdiction.

4. Venue is proper in the Northern District of Alabama, Southern Division, as the underlying lawsuit is pending in Jefferson County, Alabama, and the alleged incident occurred there.

## II. Background and Satisfaction of Procedural Requirements for Removal

5. This lawsuit was filed in the Circuit Court of Jefferson County, Alabama, Birmingham Division, on September 28, 2023. *See* Ex. A: Pls. Compl. A true and correct copy of the electronic case details from the Circuit Court of Jefferson County, Alabama (AlaCourt ECF System) is attached hereto as Exhibit B. As discussed below, plaintiffs' complaint specifically alleges violation of civil rights, unreasonable seizure, excessive force, substantive due process violation, denial of equal protection, and supervisor liability under 42 U.S.C. § 1983. Accordingly, the complaint asserts claims within the original jurisdiction of this Court. There are a total of five named defendants, but **only** the City of Margaret has been properly served at the time of filing this Notice of Removal. Ladies Mem'l Ass'n, Inc. v. City of Pensacola, Fla., 34 F.4th 988, 994 (11th Cir. 2022) ("**The District Court denied the motion to remand because the Secretary of State had not been properly served with process, so she need not have consented to removal**. *See* Pullman Co. v. Jenkins, 305 U.S. 534, 540–541, 59 S. Ct. 347, 350, 83 L.Ed. 334 (1939) (explaining that consent for removal is not required from defendants who were not properly served in state court).") (emphasis added); s*ee also* Johnson v. Wellborn, 418 F. App'x 809, 815 (11th Cir. 2011) ("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been

properly served. *See* Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1208 (11th Cir. 2008) ('[A] defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process.')"); *see also* Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999)).

6. The summons and complaint were served upon the City of Margaret on October 16, 2023, which is the first actual service on any defendant. This Notice of Removal is timely filed less than thirty (30) days from the first service (actual or reported) on any defendant. *See* 28 U.S.C. § 1446(b)(1) (noting that a removal must occur "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim"); *see also* Argain v. Wayne Transportation, LLC, No. 08-80132-CIV, 2008 WL 11331819, at *1 (S.D. Fla. Mar. 27, 2008) ("Despite the language stating 'through service or otherwise,' the Supreme Court interpreted Section 1446(b) to mean that removal must occur within 30 days of proper service.") (*citing* Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999)). The Eleventh Circuit has adopted the "last-served defendant rule," which permits "each defendant, upon formal service of process, thirty days to file a notice of removal," and this holds true "even if the last-served defendant timely removes the case after the expiration of the previously-served defendant's thirty-day window to remove." Hobbs v. Carter, No. CV 2:22-148, 2023 WL 2495762, at *1 (S.D. Ga. Mar. 14, 2023)

(internal quotations omitted) (*citing* Bailey, 536 F.3d at 1209; Jones v. Commonwealth Land Title Ins. Co., 459 F. App'x 808, 810 (11th Cir. 2012)).

7. The Circuit Court Clerk of Jefferson County, Alabama, *shows* service via special process server, by hand delivery to Margaret City Hall, on Defendants James Thompson and Christobal Sanchez on October 16, 2023. However, neither James Thompson nor Christobal Sanchez is employed with the City of Margaret. No one at Margaret City Hall is authorized or appointed to accept service of process for either James Thompson or Christobal Sanchez. Neither James Thompson nor Christobal Sanchez has been properly served with process; therefore, their consent is not required for this Notice of Removal. *See* Wellborn, 418 F. App'x at 815 ("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served.") (*citing* Bailey, 536 F.3d at 1208). Nevertheless, although not necessary, Defendant Thompson, who is represented by the undersigned attorney, consents to this removal (proof of such consent is attached as Exhibit C). Likewise, although not necessary, Defendant Sanchez, who is represented by Hon. David J. Canupp, attorney at law, also consents to this removal (proof of such consent is attached as Exhibit D). *See* 28 U.S.C. § 1446(b)(2)(A). Defendant Sanchez expressly reserves the right to challenge the propriety of service of process upon him.

8. The Circuit Court Clerk of Jefferson County, Alabama, *shows* service via certified mail on "Progressive Casualty Insurance Company, Inc." on or about October 5, 2023. However, there is no such entity registered to do business in the State of Alabama with either the Alabama Secretary of State or the Alabama Department of Insurance. Instead, upon information and belief, it appears plaintiffs may have intended to sue Progressive Specialty Ins Company. Progressive Specialty Ins Company has not been properly named or served with process. Nonetheless, although not necessary, Progressive Specialty Ins Company, which is represented by Hon. Paul Miller, attorney at law, consents to this Notice of Removal (proof of such consent is attached as Exhibit E). *See* 28 U.S.C. § 1446(b)(2)(A). Progressive Specialty Ins Company expressly reserves the right to challenge the propriety of service of process upon it.

9. The Circuit Court Clerk of Jefferson County, Alabama, also *shows* service via certified mail on the defendant identified as "Alfa Insurance Company, Inc.," as having occurred on or about October 5, 2023. However, there is no such entity registered to do business in the State of Alabama with either the Alabama Secretary of State or the Alabama Department of Insurance. Instead, upon information and belief, it appears the plaintiffs may have intended to sue Alfa Mutual Insurance Company. The summons and complaint addressed to the non-existent entity "Alfa Insurance Company, Inc." has not been served on the agent

for service of process for either Alfa Mutual Insurance Company or any other Alfa affiliated entity. Plaintiffs apparently attempted service on the mis-identified "Alfa Insurance Company, Inc," via CT Corporation System. However, the correct agent for service of process for the actual company, Alfa Mutual Insurance Company (and all affiliated Alfa entities), is Angela Bradwell. True and correct copies of company details from the Alabama Department of Insurance and the Alabama Secretary of State are attached hereto as Exhibit F. Neither Alfa Mutual Insurance Company nor any affiliated Alfa entity has been properly joined or served with process. *See* Wellborn, 418 F. App'x at 815 ("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served.") (*citing* Bailey, 536 F.3d at 1208 ("[A] defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process.").

## III. Circuit Court File; Preservation of Defenses; Response to Complaint

10. The City of Margaret has attached to this Notice of Removal as Exhibit G the entire file from the Circuit Court of Jefferson County, Alabama, including all pleadings, process, and other filings in the state court action as required by 28 U.S.C. § 1446(a).

11. None of the defendants have filed an answer or responsive pleading in the Circuit Court of Jefferson County, Alabama prior to this Notice of Removal.

All defendants filing, consenting to, or joining in this Notice of Removal specifically reserve all defenses and waive none. No allegations of the plaintiffs' complaint are admitted.

12. The City of Margaret and James Thompson will respond to the complaint in accordance with the deadlines set forth in Fed. R. Civ. P. 81(c).

**IV. Service of Notice of Removal**

13. The City of Margaret is contemporaneously filing a copy of this Notice of Removal with the Circuit Court Clerk of Jefferson County, Alabama (the clerk of the state court in which the action was pending).

14. The plaintiffs are likewise being served contemporaneously with this Notice of Removal by First Class U.S. Mail, by and through their attorney of record. Progressive Specialty Ins Company and Christobal Sanchez are also being served contemporaneously with this Notice of Removal by First Class U.S. Mail, by and through their attorneys of record.

Wherefore, premises considered, the City of Margaret, Alabama, respectfully prays this Honorable Court to accept jurisdiction of this action and docket sane the Southern Division.

Respectfully submitted,

s/ Bradley W. Cornett
BRADLEY W. CORNETT
Attorney for the City of Margaret, Alabama and James Thompson
FORD, HOWARD & CORNETT, P.C.
P.O. Box 388
Gadsden, AL 35902
Telephone (256) 546-5432
Facsimile (256) 546-5435
Email: Brad@FordHowardCornett.com

## CERTIFICATE OF SERVICE

I hereby certify that the following have been served a copy of the foregoing document, by placing the same in the U.S. mail, postage prepaid and properly addressed; and/or, if the party being served is a registered participant in the ECF System of the United States District Court for the Northern District of Alabama, by a "Notice of Electronic Filing" pursuant to N.D. Ala. Local Rule 5.4:

Anthony Ifediba, Esquire
Attorney for Devantae McKenney and Dexter Pickett
1220 16th Street South
Birmingham, AL 35205
(and via the state court AlaCourt ECF System)

Paul Miller, Esquire
Attorney for Progressive Specialty Ins Company
500 Office Park Drive, Suite 210
Mountain Brook, AL 35223
(and via email)

David J. Canupp, Esquire
Attorney for Christobal Sanchez
P.O. Box 2087
Huntsville, AL 35804-2087
(and via email)

Hon. Jackie Anderson-Smith, Circuit Court Clerk
Circuit Court of Jefferson County, Alabama, Birmingham Division
716 Richard Arrington Jr. Blvd. N, Room 400
Birmingham, AL 35203
(and via the state court AlaCourt ECF System)

Done this the 2nd day of November, 2023.

s/ Bradley W. Cornett
OF COUNSEL